UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD GILLIS,

    Plaintiff,

v.                                                          Case No:   2:20-cv-144-FtM-29NPM

WELLS FARGO BANK N.A.,
THE FLORIDA BAR,
ALBERTELLI LAW,
DEUTSCHE BANK TRUST COMPANY
AMERICA'S,
OCWEN FINANCIAL CORPORATION,
LENDER PROCESSING SERVICES, INC.,
ANDREW LEE FIVECOAT,
KAITLIN HOPE CLARK,
SHARON A JACKSON,
DAVID ALLEN MILLER,
RYAN JOSEPH WEEKS,
ERIN MICHELLE BERGER,
JONATHAN DAVID SAWYER,
JESSICA JO FAGAN,
GWENDOLYN M MARTIN,
HENRIETTA TROY,
ERIN MAE ROSE QUINN,
BETHANY HOOD,
CHRISTINA ANNE SAUERER,
JENNIFER ROBINSON,
JOSEPH J CARIOLA,
RAMESCH VARDEN,
TAEHOONY CHIN,
BHAVDIP CHHOTALAL CHAUHAN,
JOHN KEALY,
LUCINDA CALDERON, and
ELLA ROBERTS,

    Defendants.

---

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Ronald Gillis's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). When such an application is filed, the Court must review the file pursuant to 28 U.S.C. § 1915.[1]

Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, courts are empowered with discretion to dismiss a complaint, *sua sponte*, if it is frivolous or malicious. *See id.* A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, *4 (M.D. Fla. Apr. 7, 2014).

This case follows many meritless attempts by Gillis to forestall a state foreclosure action that began twelve years ago. In January 2008, Deutsche Bank filed a residential foreclosure action against Gillis in the Twentieth Judicial Circuit in and for Charlotte County, Florida, and was granted a default final judgment of foreclosure in July 2016. Florida's Second District Court of Appeal and the Florida Supreme Court affirmed the entry of default final judgment. *See Gillis v. Deutsche Bank Trust Co. Americas*, 251 So.

---

[1] This statute section governs *in forma pauperis* actions instituted by prisoners but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

3d 871 (Fla. 2d DCA 2018), *aff'd, Gillis v. Deutsche Bank Trust Co. Americas*, Case No. SC18-1424, 2018 WL 4181454 (Fla. Aug. 27, 2018).

Plaintiff tried to remove the foreclosure suit to federal court in 2014 (Case No. 2:14-cv-418-SPC-CM), and twice again in 2019 (Case No. 2:19-cv-642-TPB-MRM) and 2020 (Case No. 2:20-cv-72-SPC-NPM). But with the state-court judgment long since final, this Court remanded both the 2019 action and the 2020 action; and in the 2019 action, the Court awarded Deutsche Bank Trust Company Americas a $750 fee sanction.

Undaunted, Plaintiff now attempts to initiate a federal action challenging the foreclosure as "improper" and "fraudulent." (Doc. 1, p. 2). In the Complaint, Gillis invokes this Court's "diversity jurisdiction," but he names several Florida lawyers, a Florida law firm and The Florida Bar as defendants even though he appears to be a Florida citizen. (Doc. 1, pp. 4-5). Thus, this action appears frivolous. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, Gillis has filed related actions in this Court for six years and has been warned that continued filings would expose him to additional sanctions. In the 2019 action, the Court found that Gillis's removal petition was "just one example of Gillis' baseless attempts to restrict the state court's ability to execute a valid, final judgment." (Case No. 2:19-cv-642-TPB-MRM, Doc. 18, p. 5). And based on a review of the long history of related litigation in state and federal court, the Court found that Gillis "engaged in an abusive pattern of frivolous legal filings that have cost substantial resources to the federal and state courts, the taxpayers, and [the foreclosing party]." *Id.* (internal quotation and citation omitted). Finally, the Court warned Gillis: "that if he continues to make

frivolous filings in the future, he may be subject to sanctions pursuant to Fed. R. Civ. P. 11(c), including monetary sanctions or injunctive relief directing the Clerk to no longer accept future filings by [him] without first obtaining leave of the Court." *Id.*

Notably, there is no indication that Gillis paid the $750 judgment entered against him as a sanction in the 2019 action. "The Eleventh Circuit has long recognized the court's ability to protect itself from abusive litigants." *Barash v. Kates*, 586 F. Supp. 2d 1323, 1325 (S.D. Fla. 2008) (citing *Procup v. Strickland*, 792 F.2d 1069, 1071-1074 (11th Cir. 1986)). And courts have considerable discretion when adopting procedures to forestall further abuse, such as the imposition of a pre-filing requirement. *See Procup*, 792 F.2d at 1072-73; *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). Thus, to curb the filing of any further papers by Gillis with this Court concerning his foreclosure, Gillis should be required to first file a satisfaction of the $750 sanction in the 2019 action.

Accordingly, it is respectfully **RECOMMENDED**:

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) be **DENIED**;

(2) This action be **DISMISSED**; and,

(3) Plaintiff Ronald Gillis be **ORDERED** to file a satisfaction of judgment from Deutsche Bank Trust Company Americas in Case 2:19-cv-642-TPB-MRM before filing any further papers with this Court concerning his foreclosure.

Respectfully recommended in Chambers in Fort Myers, Florida on June 1, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.