UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD GILLIS,

    Plaintiff,

v.                                Case No:  2:20-cv-144-FtM-29NPM

WELLS FARGO BANK N.A., THE FLORIDA BAR, ALBERTELLI LAW, DEUTSCHE BANK TRUST COMPANY AMERICA'S, OCWEN FINANCIAL CORPORATION, LENDER PROCESSING SERVICES, INC., ANDREW LEE FIVECOAT, KAITLIN HOPE CLARK, SHARON A JACKSON, DAVID ALLEN MILLER, RYAN JOSEPH WEEKS, ERIN MICHELLE BERGER, JONATHAN DAVID SAWYER, JESSICA JO FAGAN, GWENDOLYN M MARTIN, HENRIETTA TROY, ERIN MAE ROSE QUINN, BETHANY HOOD, CHRISTINA ANNE SAUERER, JENNIFER ROBINSON, JOSEPH J CARIOLA, RAMESCH VARDEN, TAEHOONY CHIN, BHAVDIP CHHOTALAL CHAUHAN, JOHN KEALY, LUCINDA CALDERON, and ELLA ROBERTS,

    Defendants.

---

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #5), filed June 1, 2020, recommending that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) be denied, the case be dismissed, and plaintiff be required to file a satisfaction

of judgment in another case before filing any further papers concerning his foreclosure. Plaintiff filed a Motion in Opposition & Objection to Magistrate's Report and Recommendation (Doc. #6) on June 10, 2020.

Plaintiff initiated the Complaint (Doc. #1) on March 3, 2020, asserting subject matter jurisdiction based on the diversity of the parties, and alleging a conspiracy surrounding an action for foreclosure filed in 2008. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)). Many of the defendants in this case are Florida lawyers and Florida citizens, just as plaintiff is a Florida citizen. Thus, no diversity exists. As noted by the Magistrate Judge, under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." For this reason alone, the Court finds that the case is due to be dismissed.

That being said, the Magistrate Judge reviewed the case under 28 U.S.C.§ 1915, and found that the action itself is frivolous noting that plaintiff "has filed related actions in this Court for

six years and has been warned that continued filings would expose him to additional sanctions." (Doc. #5, p. 3.) The Magistrate Judge noted the findings of "an abusive pattern" in <u>Deutsche Bank Trust Co. Americas v. Gillis</u>, 2:19-cv-642-FTM-60MRM, Doc. #18, p. 5 (M.D. Fla. Nov. 22, 2019) (Barber, J.), a case removed by plaintiff in this case. The Court in fact imposed attorney's fees in the amount of $750.00 in favor of Deutsche Bank for the cost of the improper removal. Mr. Gillis was warned about "frivolous filings in the future", and the possibility of sanctions. The Magistrate Judge found no evidence that Mr. Gillis paid the attorney's fees in the 2019 case, and recommended that Mr. Gillis be required to satisfy that judgment before being permitted to file anything further with regard to the foreclosure.

Plaintiff argues bias and prejudice because the state court referenced by the Magistrate Judge does not involve the same parties as this federal case. Plaintiff argues there was no fact-finding to support a finding that the case is frivolous, and that plaintiff has mailed a check to satisfy the judgment in the 2019 case. After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Powell</u>, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). <u>See also</u> <u>United States v. Farias-Gonzalez</u>, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court finds that the case is due to be dismissed for a lack of subject matter jurisdiction, and the Court need not reach the issue of whether the case is frivolous. The Court declines to intervene in the 2019 case, and notes that a Motion to Satisfy Judgment (Doc. #22) is currently pending in that case before another District Judge.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #5) is hereby **adopted in part** as noted above.

2. Plaintiff's Motion in Opposition & Objection to Magistrate's Report and Recommendation (Doc. #6) is

    **sustained in part and overruled in part.** The Court declines to require satisfaction of judgment in the 2019 case.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **denied** and the case is dismissed for lack of subject matter jurisdiction. The Clerk shall terminate all pending motions and deadlines, and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of June, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record